# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| ANDREW P. MOORE, II,<br>　　　　　　Appellant, | DOCKET NUMBER<br>DA-3330-14-0586-I-1 |
| v. | |
| DEPARTMENT OF HOUSING AND<br>　URBAN DEVELOPMENT,<br>　　　　　　Agency. | DATE: March 17, 2015 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Andrew P. Moore, II</u>, Orange Park, Florida, pro se.

<u>Maureen Villarreal</u>, Fort Worth, Texas, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1　　The appellant has filed a petition for review of the initial decision, which denied his request for corrective action under the Veterans Employment Opportunities Act of 1998 (VEOA). Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact;

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2        The appellant filed an appeal alleging that the agency violated his rights under VEOA in the course of appointing him to a Presidential Management Fellow (PMF) position in the excepted service at the GS-9 level in 2014. Initial Appeal File (IAF), Tab 1. Specifically, the appellant alleged that the agency violated his veterans' preference rights because his appointing Standard Form (SF) 50 did not reflect his 10-point veterans' preference, the agency did not select him for a PMF position, and the agency was not training him for the GS-9 Construction Specialist position initially offered but was training him for a GS-9 Construction Analyst position. *Id*.

¶3        The administrative judge found that the appellant established jurisdiction over his appeal. IAF, Tab 18, Initial Decision (ID). He found further that there was no genuine issue of material fact requiring a hearing, and the agency must prevail as a matter of law for the following reasons: the agency has issued an updated SF-50 correcting the appellant's veterans' preference to "10 Point/Compensable," ID at 2; the agency selected the appellant for an appointment not to exceed 2 years under the PMF, a 2-year management and

leadership development program in the excepted service that, upon successful completion of a training program, could lead to a permanent position, ID at 6-7; and the agency was training the appellant within the PMF as a Construction Analyst, ID at 8.  The administrative judge noted that the appellant showed that there was a change to the job series and/or duty title of the permanent position for which the agency was training the appellant within the PMF program.  ID at 8. He found that the appellant's disagreement regarding the duties and responsibilities of the PMF position in which he was being trained is not tantamount to a nonselection in the PMF program.  ID at 8.

¶4        In his petition for review, the appellant alleges that the administrative judge improperly failed to rule on his motion to compel discovery.  Discovery is the process by which a party may obtain relevant information from another party to an appeal.  5 C.F.R. § 1201.72(a).  "Relevant information includes information that appears reasonably calculated to lead to the discovery of admissible evidence."  *Id*.   What constitutes relevant information in discovery is to be liberally interpreted, and uncertainty should be resolved in favor of the movant absent any undue delay or hardship caused by such request.  *Ryan v. Department of the Air Force*, 113 M.S.P.R. 27, ¶ 15 (2009).  "The scope of discovery is broad: '[d]iscovery covers any nonprivileged matter that is relevant to the issues involved in the appeal . . . .'"  *Baird v. Department of the Army*, 517 F.3d 1345, 1351 (Fed. Cir. 2008) (quoting 5 C.F.R. § 1201.72(b)).  The Board will not reverse an administrative judge's rulings on discovery matters absent an abuse of discretion.  *Wagner v. Environmental Protection Agency*, 54 M.S.P.R. 447, 452 (1992), *aff'd*, 996 F.2d 1236 (Fed. Cir. 1993) (Table).

¶5        Here, the appellant served a number of interrogatories on the agency.  IAF, Tab 9.  However, the interrogatories sought information unrelated to the issues in the appeal.  *Id*.  The appellant sought discovery from agency officials who had no role in determining the appellant's eligibility for the PMF.  The Office of Personnel Management (OPM) determined the appellant's eligibility for the PMF,

and afforded the appellant a 10-point veterans' preference in determining his eligibility. Agency officials appointed him to a position under the PMF, selecting his targeted position as Construction Analyst.

¶6       To the extent that the appellant is attempting to discover information to show that his targeted position is allegedly not consistent with his qualification, educational background, and career interests, as required by the PMF Program, his position placement is not relevant to the issue before the Board. The appellant's veterans' preference is not a factor in the appellant's placement after he was selected for the PMF. Although a preference eligible is entitled to have a broad range of experiences considered by the agency in reviewing his application for a position, how the agency adjudges and weighs those experiences is beyond the purview of the Board's review in a VEOA appeal. *See, e.g.*, *Scharein v. Department of the Army*, 91 M.S.P.R. 329, ¶¶ 9–10 (2002) (VEOA does not guarantee a preference eligible a position of employment), *aff'd*, No. 02–3270, 2008 WL 5753074 (Fed. Cir. Jan. 10, 2008).

¶7       Additionally, the appellant is attempting to discover documents and information related to the error in the first SF-50 appointing him to the PMF, an error that occurred after he was afforded a 10-point veterans' preference, was a factor in his selection for the PMF, and an error that was subsequently corrected.

¶8       Even if the administrative judge abused his discretion by not specifically ruling on the appellant's motion to compel discovery, the appellant failed to show how that error affected the result reached in his appeal. *See Karapinka v. Department of Energy*, 6 M.S.P.R. 124, 127 (1981). An adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision. *Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984).

¶9       The appellant also argues that he was entitled to a hearing on the merits of his appeal. Petition for Review (PFR) File, Tab 1 at 11. However, the Board has the authority to decide the merits of a VEOA appeal without a hearing if there is

no genuine dispute of material fact and one party must prevail as a matter of law. *Haasz v. Department of Veterans Affairs*, 108 M.S.P.R. 349, ¶ 9 (2008); 5 C.F.R. § 1208.23(b). In this case, the administrative judge properly found that there is no genuine dispute of material fact because the appellant established jurisdiction over his appeal and the record showed that the agency did not violate the appellant's veterans' preference rights.

¶10    To establish jurisdiction over a VEOA appeal, an appellant must (1) show that he exhausted his remedy with the Department of Labor (DOL); and (2) make nonfrivolous allegations that: (i) he is a preference eligible within the meaning of VEOA, (ii) the action at issue took place on or after the date that VEOA was enacted, and (iii) the agency violated his rights under a statute or regulation relating to veterans' preference. 5 U.S.C. § 3330a; *Jarrard v. Social Security Administration*, 115 M.S.P.R. 397, ¶ 7 (2010), *aff'd*, 669 F.3d 1320 (Fed. Cir. 2012); *Becker v. Department of Veterans Affairs*, 107 M.S.P.R. 327, ¶ 9 (2007). Here, as the administrative judge properly found, the appellant showed that he exhausted his remedy with DOL; made a nonfrivolous allegation that (1) he is a preference eligible veteran; (2) the action took place after the date that VEOA was enacted; and (3) the agency violated his rights under a statute relating to veterans' preference by failing to afford his veterans' preference.

¶11    However, the administrative judge also properly found that the record establishes that the appellant was afforded his veterans' preference rights when he was found eligible for and hired under the PMF program, and, to the extent that the agency erroneously failed to code the appellant's veterans' preference on the SF-50 selecting him under the PMF program, the agency issued an SF-50 correcting that error. Thus, no evidentiary hearing is necessary. IAF, Tab 13 at

22–24.  Accordingly, we find that the administrative judge did not err in issuing the initial decision without a hearing.[2]

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm.

---

[2] Pointing to the administrative judge's conduct during proceedings below, the appellant argues that the administrative judge was biased.  PFR File, Tab 1 at 4–5, 14.  In making a claim of bias or prejudice against an administrative judge, a party must overcome the presumption of honesty and integrity that accompanies administrative adjudicators. *Oliver v. Department of Transportation*, 1 M.S.P.R. 382, 386 (1980).  An administrative judge's conduct during the course of a Board proceeding warrants a new adjudication only if the administrative judge's comments or actions evidence "a deep-seated favoritism or antagonism that would make fair judgment impossible." *Bieber v. Department of the Army*, 287 F.3d 1358, 1362–63 (Fed. Cir. 2002) (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)).  We find that the appellant's allegations of bias do not meet this standard.

Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                         _____
                                       William D. Spencer
                                       Clerk of the Board

Washington, D.C.